IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | Criminal Action No. 3:15-CR-067-D (01) |
| VS. § | |
| § | |
| BRENDA WARD, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Brenda Ward ("Ward"), whose sentence requires that she pay $887,809.64 in restitution, has filed a *pro se* motion under 18 U.S.C. § 3664 requesting that the court reduce her Bureau of Prisons ("BOP")-imposed restitution payment from more than $50 per month to $25.00 per quarter while she is incarcerated. The court denies the motion.

Ward first argues that the court unconstitutionally delegated to the BOP the authority to set the restitution schedule. The court disagrees. In Ward's sentence imposed on January 22, 2016, the court determined the amount of restitution and ordered that it be paid immediately, with any remaining balance payable during incarceration, and that any unpaid balance upon commencement of Ward's supervised release is payable in monthly installments of the greater of not less than 10% of her gross monthly income or $50, until the restitution is paid in full. The court did not therefore "expressly delegate anything to the BOP." *Kaemmerling v. Berkbile*, 359 Fed. Appx. 545, 546-47 (5th Cir. 2010) (per curiam) ("Instead[—there, like here—]the district court's judgment determined the amount of

restitution and ordered immediate payment; this action was not an unconstitutional delegation of judicial authority." (citations omitted)).

Ward next contests the terms of her participation in the BOP's Inmate Financial Responsibility Program ("IFRP"), under which she alleges she "has been placed on a payment amount of over fifty (50) dollars monthly." Ward requests that the court reduce this payment amount to "twenty-five dollars quarterly while [she remains] incarcerated."

The restitution component of Ward's sentence requires immediate payment of restitution. "'Immediate' payment orders have been construed to authorize BOP to place inmates in the IFRP to facilitate payment, notwithstanding that their judgments also provide for post-imprisonment installments," as is the case here. *Hickman v. Keffer*, 498 Fed. Appx. 375, 378-79 (5th Cir. 2012) (per curiam). Accordingly, "[t]he BOP did not violate the district court's restitution order by placing [Ward] in the IFRP." *Wardell v. Longley*, 532 Fed. Appx. 580, 581 (5th Cir. 2013) (per curiam).

And if Ward is seeking to challenge the "restitution payment schedule set by the BOP pursuant to the IFRP," that challenge is not properly made in a motion under § 3664; instead, Ward must challenge the payment schedule through a petition under 28 U.S.C. § 2241, "because it is a challenge to a BOP administrative program and not to any action by the district court." *Id.* (citing *United States v. Diggs*, 578 F.3d 318, 319-20 & n.1 (5th Cir. 2009)). Of course, such a § 2241 petition should be filed only after Ward exhausts her administrative remedies with the BOP.

* * *

Accordingly, Ward's August 28, 2017 motion requesting that the court set her restitution payment to $25.00 per quarter pursuant to 18 U.S.C. § 3664 is denied.

**SO ORDERED**.

August 30, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE